


STATE OF NEW YORK
**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**
THE HARRIMAN STATE CAMPUS – BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

**BRIAN FISCHER**
COMMISSIONER

**MAUREEN E. BOLL**
DEPUTY COMMISSIONER AND COUNSEL

May 4, 2012      RECEIVED

Hon. Charles J. Siragusa
U.S. Courthouse
100 State Street
Rochester, NY 14614-1387

MAY ... 2012

CHARLES J. SIRAGUSA
United States District Judge
Western District of New York

Re:   *Shariff vs. Goord*, et al. 04-CV-6621
      Report of Trial Use of WC19 Compliant Wheelchair at DOCCS' Facilities

Dear Sir;

On October 19, 2011, the New York State Department of Corrections and Community Supervision (DOCCS) entered a Voluntary Stipulation of Partial Dismissal Subject to Conditions in the above case. Paragraph 2 of the agreement provides that DOCCS purchase and utilize wheelchairs designed for use in a motor vehicle (referred to as WC 19 Compliant Wheelchairs) and use them in a pilot program in four correctional facilities.

Paragraph 8 of the agreement states:
"The Defendants will review and analyze accident reports, complaints and grievances involving the transportation of wheelchair using inmates to determine the success of the WC19 compliant wheelchairs at the pilot facilities within six (6) months of the date this Stipulation is So Ordered, and upon completion of its review will serve a written report upon plaintiff's counsel and the Court. Upon receipt of the written report counsel will confer in regard to any modifications needed to the pilot program, and plan the expansion of the program into all other DOCCS facilities where wheelchair using prisoners are regularly confined. In the event that the parties are unable to reach agreement in regard to the expansion of the pilot program, then Plaintiff's counsel may request a meeting with all parties before the Honorable Charles J. Siragusa, United States District Court for the Western District of New York, or another Judge of said Court if Judge Siragusa

is unavailable, to discuss the possible filing of a motion to reinstate the issues of this lawsuit, as provided for in paragraph 14 infra."

I requested accident reports, complaints and grievances involving the transportation of wheelchair using inmates from Five Points, Livingston, Green Haven, Bedford Hills, Franklin, Groveland, Mohawk, Wende, Coxsackie, Fishkill, and Wyoming correctional facilities. Five Points, Livingston, Green Haven and Bedford Hills were part of the pilot program and utilized WC 19 wheelchairs for transportation of wheelchair using inmates, as required in the Voluntary Stipulation. The other facilities did not have the WC 19 wheelchairs and transported inmates in their personal wheelchairs. All the facilities utilized properly equipped wheelchair vans and the transportation officers at all of the facilities were trained in the proper techniques for securing a wheelchair and occupant in the van.

There was one grievance and inmate injury reported related to the issues of the Settlement Agreement during the trial period. An inmate at Five Points alleged that he was not properly secured in the van and he fell over. The Inmate Injury Report noted 3 superficial abrasions on the left knee and a superficial abrasion on the left thumb.

The officer involved in the incident had received instruction from a lieutenant in the techniques of securing the wheelchair and occupant. He will undergo retraining.

There were no other accident reports, complaints and grievances involving the transportation of wheelchair using inmates.

Sincerely,

Nancy J. Heywood
Associate Counsel

cc    AAG Gary Levine
Attorney for Defendants

Joan Magoolaghan
Attorney for Plaintiff Class